IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **CLARICE VESSELS,** | : C.A. No.  S18C-10-031 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **RENT-A-CENTER EAST, INC.** | : |
| | : |
| Defendant. | : |

Submitted: October 9, 2019
Decided: October 23, 2019

*Upon Defendant's Motion to Compel Arbitration*

**DENIED**

**O R D E R**

Edward C. Gill, Esquire, Law Office of Edward C. Gill, P.A., 16 North Bedford Street, P.O. Box 824, Georgetown, DE 19947, Attorney for Plaintiff.

Kimberly L. Gattuso, Esquire, The Bifferato Firm, P.A., 1007 North Orange Street, 4th Floor, Wilmington, DE 19801, Attorney for Defendant.

Elizabeth B. Sandza, Esquire (admitted *pro hac vice*), Wilson Elser Moskowitz Edelman & Dicker LLP, 1500 K Street NW, Suite 330, Washington DC 20005, Attorney for Defendant.

**KARSNITZ, J.**

## I. BACKGROUND

On October 30, 2018, Plaintiff filed a Complaint in this Court against Defendant for damages allegedly resulting from injuries she sustained on June 12, 2017 when she slipped and fell in Defendant's rental business in Seaford, Sussex County, Delaware. The Complaint sounds in negligence. Defendant filed its Answer on January 30, 2019 and Commissioner Howard issued a Scheduling Order on March 28, 2019.

On June 11, 2019, Defendant filed a Motion to Compel Arbitration in lieu of litigation in this Court, based upon an arbitration clause contained in a Lease-Purchase Agreement entered into on June 9, 2017 for an unrelated transaction, the purchase and sale of a washing machine from Defendant by Plaintiff (the "Agreement"). I held a hearing on September 6, 2019, and gave the parties twenty days to file Letter Memoranda in support of their positions. Both parties filed Letter Memoranda on September 30, 2019. Plaintiff asserted that she returned the washing machine to Defendant because it did not fit in her home, and terminated the Agreement, on June 12, 2017, *before* she slipped and fell. On October 1, 2019, Defendant filed a letter containing *legal* arguments concerning Plaintiff's assertion that she terminated the Agreement. However, this letter did not contain *factual* contentions concerning the validity of the Agreement. Thus, on October 2, 2019, I directed Defendant to provide such facts to me by October 17, 2019. On October 9,

2019, Defendant responded, "an eyewitness to Plaintiff's fall, who works for the Rent-A-Center store in Seaford, will testify that she fell on June 12, 2017, *before* she terminated her contract on June 12, 2017." Other than that assertion, Defendant presented no facts. However, Defendant presented further legal arguments, primarily relying on Vice Chancellor Slights' recent decision in the Court of Chancery, *The Innovation Institute, LLC v. St. Joseph Health Source, Inc., et al.*, C.A. No. 2019-0156-JRS.

## II. DISCUSSION

I cannot determine the appropriate disposition of this case without more facts on the record. Although I am making no ruling of law, I am not persuaded that arbitration is required in lieu of litigation for an altogether unrelated claim regardless of whether the Agreement was or was not terminated. If the Agreement was not terminated, then arbitration may be required. On the other hand, if the Agreement was terminated, then arbitration may not be required and we would proceed as usual with litigation in this Court.

The Agreement upon which Defendant relies gives Plaintiff the ability to reject the arbitration clause by notifying Defendant's agents in Texas in writing. In my view, the termination of the entire Agreement by notifying Defendant's agents in Seaford, Delaware would accomplish the same result. I find it incongruous that

2

the validity of the arbitration clause may turn on the timing of the termination of the Agreement vis-à-vis Plaintiff's slip and fall, but it probably does.

Defendant also relies upon a "zombie" provision in its arbitration clause; i.e., the clause survives termination of the Agreement. For me, the zombie clause in the context of an arbitration clause which purports to cover conduct unrelated to the purposes of the Agreement[1] is a bridge too far.

I am denying Defendant's motion. A fuller record should allow me to make a sounder decision.

## III. CONCLUSION

I deny Defendant's Motion to Compel Arbitration without prejudice to filing a similar motion after the record has been supplemented.

**IT IS SO ORDERED** this 23rd day of October, 2019.

Craig A. Karsnitz. Judge

cc: Prothonotary's Office
Counsel of Record

---

[1] *Parfi Holding AB v. Mirror Image Internet, Inc.*, 817 A.2d 149 (Del. 2002).

3